George J. Burkheimer, Defendant in Error, v. Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

Gen. No. 6,210.    (Not to be reported in full.)

Error to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 26, 1916.

## Statement of the Case.

Action by George J. Burkheimer, plaintiff, against Chicago, Rock Island & Pacific Railway Company, defendant, to recover for personal injuries. From a judgment for plaintiff, defendant prosecutes a writ of error.

The plaintiff, a street car motorman, on a stormy night, drove his car onto the tracks of the defendant at a street crossing instead of stopping in accordance with his employer's rules before reaching the track and waiting for the conductor to go ahead and signal a clear track, and was struck by the defendant's train, admitted to have been running at a speed in excess of that permitted by an ordinance. A reversal was sought solely on the ground that the plaintiff was guilty of contributory negligence, and both parties requested either an affirmance of the judgment or reversal without remanding.

The plaintiff had worked for the Peoria Railway Company as motorman for about three weeks, and had no previous street car experience. His theory of the case was that he was intending to stop his car at the time in question, but that it was dark and snowing and he was relying on an electric light that the defendant maintained over the crossing to guide him as to the place to stop; that at the time the light was not burning and he, misled thereby, drove onto the crossing

without knowing where he was. The evidence was conflicting on the question whether it was snowing, and it tended to show that there were other means from which the plaintiff might have known that he was approaching the track.

Stevens, Miller & Elliott, for plaintiff in error; M. L. Bell and A. B. Enoch, of counsel.

Sheen & Galbraith and C. N. Mihigan, for defendant in error.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Trial, § 199*—*when verdict not directed.* A verdict may not be directed where to do so would necessitate the weighing of conflicting evidence.

2. Appeal and error, § 1802*—*when cause remanded.* In an action for injuries to a street car motorman struck by a train at a railway crossing, evidence as to due care of plaintiff at the time of the accident, *held* not to justify the reversal of a judgment in his favor without remanding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.